**STATE of Minnesota, Appellant,**

v.

**Peter John JONES, Respondent.**

No. A05–365.

Court of Appeals of Minnesota.

July 26, 2005.

Earl Maus, Cass County Attorney, Christopher J. Strandlie, Assistant Cass County Attorney, Walker, MN, for appellant.

Blair W. Nelson, Bemidji, MN, for respondent.

Mike Hatch Attorney General, Angela M. Helseth, Sean R. McCarthy, Assistant Attorneys General, St. Paul, MN, for Amici Curiae Mike Hatch, Minnesota Attorney General, and Minnesota Bureau of Criminal Apprehension.

Considered and decided by WILLIS, Presiding Judge; KLAPHAKE, Judge; and SHUMAKER, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

This is an appeal from a pretrial order dismissing the complaint charging respondent with failing to comply with the predatory-offender registration statute. The state argues that the district court erred in determining that Minn.Stat. § 243.166 (2002) is civil/regulatory and therefore unenforceable against a Native American tribal member residing on a reservation. We affirm.

## FACTS

Respondent Peter Jones, an enrolled member of the Leech Lake Band of Ojibwe, was convicted of the felony of kidnapping. That conviction subjected him to the law requiring certain felons, denominated predatory offenders, to "register" with assigned corrections agents or specified law-enforcement agencies. Among the law's requirements is that the offender register his current residence address.

Jones registered his address, and later, when he moved, he registered his new address. Both addresses are on the Leech Lake Indian Reservation.

The Bureau of Criminal Apprehension (BCA) sent to Jones several requests that he verify his residence address. He failed to do so within the time allowed by statute. A deputy sheriff assigned to investigate Jones's whereabouts discovered that Jones was not living at the address on file with the BCA but rather was living at a different residence on the reservation.

The state charged Jones with the felonies of failing to notify the BCA of his change of address and failing to complete, sign, and return to the BCA the requisite address-verification forms.

Jones moved to dismiss the charges on the ground that the Minnesota courts lack subject-matter jurisdiction to enforce the cited provisions of the registration law against a Native American residing on an Indian reservation. The district court ruled that the law in question is civil/regulatory in nature, and, as such, it does not confer jurisdiction on state courts to enforce it against an Indian residing on a reservation. The court dismissed the charges, and the state appealed.

## ISSUE

A Native American living on an Indian reservation was convicted of the felony of kidnapping and thereby became classified as a predatory offender subject to the requirement that he register his current address with the authorities. He failed to do so. Did the district court err in ruling that the requisite requirement is civil/regulatory and as such does not confer jurisdiction on the state courts to enforce the registration-of-address requirement?

## ANALYSIS

■ Whether the state has jurisdiction to enforce its laws against a Native American living on an Indian reservation is an issue that this court reviews de novo. *State v. Busse,* 644 N.W.2d 79, 82 (Minn. 2002).

■ A state may enforce its laws against an enrolled tribal member on an Indian reservation only if Congress expressly so provides. *California v. Cabazon Band of Mission Indians,* 480 U.S. 202, 207, 107 S.Ct. 1083, 1087, 94 L.Ed.2d 244 (1987). In Public Law 280, Congress granted broad criminal subject-matter jurisdiction over offenses by or against Indians. Pub.L. No. 83–280, 67 Stat. 588–89 (1953) codified as amended at 18 U.S.C.

§ 1162(a) (1994). In that same law, Congress granted only limited civil jurisdiction over Indian affairs. *Id.* The district court held that the state has jurisdiction to enforce a law against an Indian on a reservation only if the law can be classified as criminal/prohibitory and not as civil/regulatory. The court held that the registration statute at issue is civil/regulatory.

Emphasizing heightened public-policy concerns, the state argues that the registration statute is prohibitory, and, therefore, the state has jurisdiction to enforce it against Jones.

Minn.Stat. § 243.166, subds. 3(a), 4(e)(1) (2002), requires, among other things, that a predatory offender register with a corrections agent or specified law-enforcement agency and that the offender verify his or her residence address by completing and returning a "verification form." Jones registered with the BCA as required but failed to comply with the statute's address-verification requirement. That failure resulted in felony charges against Jones for violation of the registration mandates. If section 243.166 is a criminal/prohibitory statute, the state has jurisdiction to prosecute Jones for his noncompliance. *See Cabazon,* 480 U.S. at 209–10, 107 S.Ct. at 1088–89. But if the statute is civil/regulatory in nature, the state lacks jurisdiction to prosecute Jones. *See id.*

There is no bright-line test to distinguish civil from criminal laws. But the United States Supreme Court provided guidance in *Cabazon,* focusing on the lawfulness or unlawfulness of the conduct at issue and the state's public policy:

> [I]f the intent of a state law is generally to prohibit certain conduct, it falls within Pub.L. 280's grant of criminal jurisdiction, but if the state law generally permits the conduct at issue, subject to regulation, it must be classified as civil/regulatory and Pub.L. 280 does not authorize its enforcement on an Indian reservation. The shorthand test is whether the conduct at issue violates the State's public policy.

480 U.S. at 209, 107 S.Ct. at 1088.

■ In *State v. Stone,* the Minnesota Supreme Court made it clear that "[i]n order for a state law to be fully applicable to a reservation under the authority of Public Law 280, it must be a criminal law." 572 N.W.2d 725, 729 (Minn.1997) (citing *Cabazon,* 480 U.S. at 208, 107 S.Ct. at 1088). The supreme court then adopted a two-step approach for applying *Cabazon.* The first step is to determine the focus of the analysis, that is, whether the concern is the broad conduct or the specific, narrow conduct at issue. *Stone,* 572 N.W.2d at 730. "The broad conduct will be the focus of the test *unless* the narrow conduct presents substantially different or heightened public policy concerns." *Id.* The second step is then to apply the *Cabazon* test to that conduct. *Id.*

In *Stone,* the supreme court noted that a distinction between broad conduct and narrow conduct will be crucial if the former is generally permitted but the latter is generally prohibited. *Id.* at 731. We are unable to find any meaningful distinction here between broad and narrow conduct. The conduct at issue is Jones's failure to keep the authorities apprised of his residence address. That conduct, then, is the focus of the *Cabazon* test.

To apply the *Cabazon* test, the court in *Stone* held that we must determine whether the conduct is generally permitted or generally prohibited: "If the conduct is generally permitted, subject to exceptions, then the law controlling the conduct is civil/regulatory. If the conduct is generally prohibited, the law is criminal/prohibitory." *Id.* at 730.

■ The conduct at issue is not the underlying criminal act that resulted in the conviction and the registration requirement. Rather, the conduct is the offender's failure to report his current residence address to state authorities. It is beyond dispute that people living in Minnesota have no general obligation to register their residence addresses with state authorities. But the registration requirement for predatory offenders is an exception to that proposition. Thus, under the *Stone* approach, the conduct is generally permissible but is subject to regulation. That makes the registration requirement civil/regulatory rather than criminal/prohibitory.

In *Cabazon*, the Supreme Court noted that "state laws governing an activity must be examined in detail before they can be categorized as regulatory or prohibitory." *Cabazon*, 480 U.S. at 211 n. 10, 107 S.Ct. at 1089. When we examine section 243.166, we are led inexorably to the conclusion that the essence of the law is regulatory, aiming at providing information to assist law enforcement in keeping track of felons classified as predatory. Its purpose is investigative. By contrast, a criminal law prohibits certain conduct, usually because the conduct is harmful in some way. Failing to reveal an address causes no harm, poses no threat, and jeopardizes no person or property. Registration will not prohibit or deter a further crime if the predator chooses to commit one.

Both the state and the amici curiae emphasize heightened public-policy concerns in urging that the district court's conclusion that the statute is civil/regulatory was erroneous. The court in *Stone* noted that the public-policy test of *Cabazon* "is helpful," pointed out that the focus is on criminal public policy, and then described criminal public policy as seeking "to protect society from serious breaches in the social fabric which threaten grave harm to per-

sons or property." *Stone*, 572 N.W.2d at 730. Undeniably, predatory crimes are serious breaches in the social fabric that clearly threaten or cause grave harm to people. But the same cannot be said of the address-registration requirement. Although address registration might have value to law enforcement in investigating and apprehending people suspected of predatory crimes, a failure to register does not itself pose a threat of grave harm to anyone, and, therefore, does not offend the state's criminal public policy.

Among the Minnesota cases on which the district court relied in dismissing the charges against Jones were *Boutin v. LaFleur*, 591 N.W.2d 711 (Minn.1999), and *Kaiser v. State*, 641 N.W.2d 900 (Minn. 2002). The amici curiae contend that the court's reliance on those cases was misplaced because both are factually dissimilar to the instant case and neither involved an issue of state jurisdiction over Indians on reservations. But in each the supreme court characterized section 243.166 as civil/regulatory. Referring to *Boutin*, the court in *Kaiser* said: "[W]e held that the statute was civil and regulatory, and not penal, because it did not have the fundamental characteristics of punishment ..." as set out by the United State Supreme Court. *Kaiser*, 641 N.W.2d at 905. The court noted that, unlike criminal laws, the registration statute "does not require an affirmative restraint," is not the type of law that has been historically regarded as criminal, and "does not promote the traditional aims of punishment because it does not involve confinement and is not intended to extract retribution...." *Id.* The court described the statute as "regulatory non-punitive" in nature that has the "clear purpose" of keeping "law enforcement informed as to a predatory offender's whereabouts." *Id.* at 907. Although it is correct that the supreme court in *Boutin* and *Kaiser* was not asked to address the jurisdictional issue raised here, it would seem

wholly contradictory for any court to classify the statute as regulatory/civil for some purposes and prohibitory/criminal for other purposes.

Thus, again recognizing that the state has only that jurisdiction over tribal members on Indian reservations that Congress expressly grants, we find no such grant of jurisdiction to enforce the regulatory law codified as Minn.Stat. § 243.166 against Jones. The district court did not err in dismissing the charges against Jones.

## DECISION

Because the purpose of Minn.Stat. § 243.166 (2002) is to aid law enforcement in investigations and because a violation of this law does not breach the state's public criminal policy, the statute is civil/regulatory, and the state lacks jurisdiction to enforce it against a Native American living on a reservation.

**Affirmed.**